IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RICK SEGER**, et al., | : | Case No. 1:10cv434 |
| | : | |
| Plaintiffs, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING PLAINTIFFS' |
| | : | MOTION FOR CONDITIONAL |
| **BRG REALTY, LLC,** | : | CERTIFICATION |
| | : | |
| Defendant. | : | |

Before the Court is Plaintiffs' Motion for Conditional Certification, brought pursuant to the Fair Labor Practices Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (Doc. 10.) For the following reasons, Plaintiffs' Motion for Conditional Certification is **GRANTED**.

**BACKGROUND**

Plaintiffs Rick Seger, Alex Phelps, and Mark Wilburn are current or former Maintenance Technicians employed by Defendant BRG Realty Group, LLC ("BRG"), an entity that owns and/or manages more than thirty apartment complexes primarily located in the metropolitan areas of Cincinnati, Ohio and Northern Kentucky. Plaintiffs claim that BRG failed to compensate them with overtime pay as required under the FLSA, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and other Ohio law.

BRG Maintenance Technicians perform maintenance necessary for the care and upkeep of Defendant's properties. They typically work forty hours per week. In addition to their scheduled hours, Maintenance Technicians are occasionally required to be "on call" to accept service calls after their normal work hours. BRG provides the on-call Maintenance Technician

with a cell phone, and tenants call that cell phone directly to request service.  If the on-call Technician does not answer the call to the cell phone in two or three rings, the call is sent to a phone service which then contacts the Technician at a home or personal cell phone number.

Some calls from tenants require the on-call Maintenance Technician to make an immediate visit to the rental property, while others do not.  Requests for service that do not require an immediate property visit can often be resolved by assistance provided by the Maintenance Technician over the phone.  Plaintiff Seger estimated that he spent approximately five hours per week while on call responding to telephone calls from tenants, exclusive of his time on the service trip.  (Seger Decl. ¶ 8.)  Plaintiff Phelps estimated that while he was on call, he averaged an additional hour a day responding to phone calls from tenants with service requests.  (Phelps Decl. ¶ 8.)  Plaintiff Wilburn gave a similar estimate.  (Wilburn Decl. ¶ 6.)

BRG pays its Maintenance Technicians for most of the on-call time spent if the service request involves a trip to the property.  However, Defendant does not pay overtime for on-call work performed prior to a service trip or for on-call work which does not result in a trip to the rental property.  This is because Defendant's on-call overtime policy provides that "[o]n-call hours worked are to be recorded from the time the employee *leaves for the property* until the time employee *completes his return trip* from the property."  (Berkshire Realty Group Employee Policies Manual at 36, filed as Doc. 10-2 (emphasis added).)  Plaintiffs assert that this policy unlawfully denies them overtime pay to which they are entitled under federal and state law because it denies them overtime compensation for time they spend on the phone or otherwise working to resolve calls that do not involve a trip to the rental property.

Plaintiffs now request that this Court conditionally certify a class and supervise the sending of notice in the action to similarly situated current or former employees of BRG so that they might "opt in" to this representative lawsuit. The unit requested for conditional certification is:

> All current or former Maintenance Technicians employed by BRG Realty Group, LLC at its various apartment complex locations who were not paid overtime for all hours worked in excess of 40 hours per week, while "on-call", for work responding to tenant calls which did not involve a service trip to Defendant's property or for work performed prior to the service trip.

(Doc. 10 at 1.)

**ANALYSIS**

The FLSA provides a private cause of action against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Similarly situated" persons are permitted to "opt into" the suit. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The FLSA does not define "similarly situated," nor has the Sixth Circuit. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009). However, most courts use a two-phase inquiry to address whether proposed co-plaintiffs are similarly situated for the purposes of the statute's requirements. *Comer*, 454 F.3d at 546.

First, in what is referred to as the "initial notice" stage, the Court must determine whether to conditionally certify the class and if notice of the lawsuit should be given to putative class members. *White v. MPW Indus. Servs. Inc.*, 236 F.R.D. 363, 366 (E.D. Tenn. 2006). Because the Court has minimal evidence at this stage, the determination is made using a fairly lenient standard. *Id.*; *see also O'Brien*, 575 F.3d at 584 (explaining that § 216(b)'s "similarly situated"

requirement is less stringent than Rule 23(b)(3)'s requirement that common questions predominate). Plaintiffs can show they are similarly situated by showing that "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. Once the action is conditionally certified, notice is provided to the putative class members and discovery proceeds. However, a court's certification of a class at the notice stage is "conditional and by no means final." *Comer*, 454 F.3d at 546. At the second stage of the proceedings, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims.

The Court concludes that Plaintiffs have made the requisite showing that Maintenance Technicians who work or worked for Defendants and who performed on-call services to tenants are similarly situated such that conditional certification is appropriate. BRG has a policy of not compensating Maintenance Technicians for time they spend on call either talking to tenants by phone prior to a trip to the property or responding to non-emergency service requests which do not require a trip to the property. This policy is expressly written in Defendant's Policy Manual, and all Maintenance Technicians are subject to this policy. Plaintiffs claim that this policy violates Federal and Ohio wage law. The Declarations of the three named Plaintiffs supply added details about how this policy affects the Maintenance Technicians. Specifically, they spend approximately one hour a day responding to tenant phone calls, exclusive of service trips to the rental properties, and they are not compensated for that time, which is in excess of their forty hours of regularly scheduled work per week. (Seger Decl. ¶ 8, Phelps Decl. ¶ 8, Wilburn Decl. ¶ 6.) Plaintiffs also have shown that they and the class of Maintenance Technicians they

seek to represent have the same job title and perform the same basic job duties, have similar on-call schedules, and are similarly subjected to BRG's overtime pay policy that excludes payment for on-call time spent resolving tenant inquiries but not resulting in a service trip.  Therefore, the Complaint sufficiently alleges the existence of a pattern and practice of failing to pay employees required overtime pay.

Defendant in its Memorandum in Response to Plaintiffs' Motion for Conditional certification attacks the merits of Plaintiffs' claims.  For example, BRG states there is no evidence that any of the Plaintiffs submitted on-call phone time in the form of an overtime request and that the request was denied.  Additionally, BRG asserts that its analysis of Plaintiffs' phone records, payroll records, overtime submissions, and time sheets demonstrates that the amount of time Plaintiffs spent on the phone was in fact minimal.  BRG argues that because the Plaintiffs' unpaid phone time is de minimus, it is not compensable under the FLSA and that Plaintiffs therefore cannot demonstrate that they are victims of an FLSA wage practice violation.[1]

BRG's argument does not address the issue relevant at the conditional certification stage — that is, whether the proposed class members are similarly situated to Plaintiffs because they are subject to the same statutory violation.  Rather, BRG's argument goes to the employment settings of individual plaintiffs, a matter properly considered by the Court at the decertification stage.

---

[1] Plaintiffs note that BRG's de minimus argument oversimplifies the issue because the time Maintenance Technicians spend on the phone is *part* but not *all* of Plaintiffs' claim.  Maintenance Technicians may also spend time taking notes, evaluating the tenant's problem, and preparing materials needed to respond to the call if a trip to the property is required.  BRG's policy does not allow for the Maintenance Technicians to be compensated for any of that time.

The Court finds that Plaintiffs have made the showing required at the initial notice stage that potential opt-in plaintiffs are similarly situated to Plaintiffs because they suffer from a single FLSA-violating policy — that of knowingly depriving them compensation for overtime hours worked. For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Conditional Certification (doc. 10), approves the form of the proposed Notice of Corrective Action Overtime Pay Lawsuit attached to Plaintiffs' Motion, and directs BRG to provide Plaintiffs' counsel the names, last-known address, and telephone numbers of the individuals described in the proposed unit within thirty days of the entry of this Order.

        IT IS SO ORDERED.

        ___s/Susan J. Dlott_____
        Chief Judge Susan J. Dlott
        United States District Court